**Carl Post, OSB No. 061058**
carlpost@lawofficeofdanielsnyder.com
**John Burgess, OSB No. 106498**
johnburgess@lawofficeofdanielsnyder.com
**LAW OFFICES OF DANIEL SNYDER**
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
Telephone: (503) 241-3617
Facsimile: (503) 241-2249
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **JAY KAUWE**, | Case No. 3:22-cv-1173 |
| Plaintiff, | **COMPLAINT** |
| v. | UNLAWFUL EMPLOYMENT ACTION |
| **SYSCO PORTLAND, INC.**, | **JURY TRIAL DEMANDED** |
| Defendant. | |

### Introduction

1.  Plaintiff brings this action to remedy violations of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, et seq. ("FMLA"), the Oregon Family Leave Act, Or. Rev. Stat. § 659A.150, et seq. ("OFLA"), and wrongful discharge. Plaintiff seeks economic and non-economic damages, equitable relief, as well as attorneys' fees and costs.

## JURISDICTION

2. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331.

3. Plaintiff requests this Court invoke its supplemental jurisdiction pursuant to 28 U.S.C. § 1367 with respect to all causes of action based on Oregon statutory provisions or common law as the state claims arise from the same nucleus of operative facts as the federal claims.

4. Venue is in the District of Oregon pursuant to 28 U.S.C. § 1391(b) because the claim arose in this Judicial District.

## III. PARTIES

5. Plaintiff, Jay Kauwe (Plaintiff), is a citizen of the United States. At all times material, Plaintiff worked for defendant in Multnomah County, Oregon.

6. Defendant Sysco Portland, Inc. is a Delaware corporation doing business in the State of Oregon.

7. Defendant is a person pursuant to ORS 659A.001(9).

8. At all relevant times, Sysco was an employer who employed over 50 persons in the State of Oregon.

9. Defendant employs one or more persons in the State of Oregon and is an employer pursuant to ORS 659A.001(4)(a).

10. At all times material to this complaint, Respondent employed 25 or more employees in the State of Oregon and is a covered employer under ORS 659A.183 and ORS 653.641.

11. At all times relevant, defendant's employees and supervisors as their conduct is alleged herein were acting within the course and scope of their employment with the defendant.

## IV. GENERAL FACTUAL ALLEGATIONS

12. In March 2009, Plaintiff began working for defendant Sysco.

13. On November 11, 2019, Plaintiff used protected leave to care for his sick child. Plaintiff received 1 absence point for this absence.

14. On December 31, 2019, Plaintiff missed work because he was sick. Plaintiff received 1 absence points for missing work because he was sick.

15. Plaintiff used protected leave to care for his sick child on January 2-5, 2020. In response, Plaintiff received a written warning.

16. On May 1, 2020, Plaintiff receive a bonus -1 absence point for four months without any absence points.

17. Plaintiff took protected leave under the Families First Corona-Virus Relief Act (FFCRA) for COVID-19 related symptoms from May 6-14, 2020.

18. On Thursday June 4, 2020, Plaintiff began having a sore throat and a fever of approximately 100 degrees that lasted until June 6, 2020. The sore throat lasted until June 15, 2020. At the time, Plaintiff worked Sunday through Thursday, eight hours per day.

19. Plaintiff used protected medical leave on June 4, 7, 8, 9, 10, 11, and 14-18, 2020 due to COVID-19 symptoms and illness.

20. Plaintiff notified Defendant that the time off work was due to COVID-19 symptoms and illness. As a result, Defendant was aware that the time off was due to Plaintiff's COVID-19 symptoms and was paid leave under the FFCRA for the first days Plaintiff was absent.

21. Plaintiff saw his doctor on June 19, 2020, contacted The Hartford that day, and asked The Hartford to fax medical leave paperwork to his doctor.

22. Sysco contracted with The Hartford to be its third-party administrator to process medical leave and other leave requests on behalf of Sysco and its employees.

23. Plaintiff returned to work on June 20, 2020.

24. After returning to work on June 20, Plaintiff had temperature checks every day, up until the day Plaintiff was fired. The temperature checks were done by Stephanie Charters, Human Resources (HR) Manager, in or Plaintiff's manager Grady Maguire.

25. On June 28-29, 2020, Plaintiff took protected leave to care for his sick child.

26. On July 6, 2020, The Hartford approved Plaintiff's request for leave to care for his sick child on June 28-29, 2020.

27. On July 9, 2020, Plaintiff received a letter, dated June 28, 2020, from The Hartford. The letter requested supporting documentation by July 6, 2020. Because that date had already passed, Plaintiff called The Hartford, explained Plaintiff just received the letter, and was allowed an extension until July 16, 2020.

28. On July 9, 2020, The Hartford faxed a Certification of Health Care Provider paperwork to Plaintiff's doctor. The paperwork said it must be returned no later than July 16, 2020.

29. Plaintiff scheduled an appointment with his doctor on July 14, 2020. Plaintiff's doctor faxed the completed medical leave forms to The Hartford on July 15, 2020. The paperwork stated that his condition began on June 4, 2020 and ended on June 18, 2020.

30. Plaintiff was not told by anyone from Sysco or Hartford that additional information was needed concerning his requests for time off work due to COVID-19 from June 4, 2020 through June 18, 2020.

31. On July 16, 2020, defendant was notified by The Hartford that The Hartford received paperwork from Plaintiff's doctor on July 15, 2020 concerning Plaintiff's request for medical leave due to COVID-19 from June 4, 2020 through June 18, 2020. Defendant claims the

paperwork was incomplete but made no effort to request additional information from Plaintiff or his doctor.

32. On July 16, 2020, Plaintiff's employment was terminated for absences that qualified for protected leave. Plaintiff was told by his supervisor, Mark Blanchard, that his employment was terminated because Plaintiff's medical leave was denied. Plaintiff responded that Plaintiff had an extension from The Hartford and his doctor faxed the paperwork back before the deadline. He said he had to walk Plaintiff out and escorted Plaintiff to his locker to get his personal items.

33. After his employment was terminated, Plaintiff called The Hartford and asked why his leave was denied. Plaintiff was told that Sysco did not want to allow the extension that The Hartford previously agreed to.

34. Sometime after his employment was terminated, Plaintiff received a letter from The Hartford dated July 8, 2020. The letter denied Plaintiff's request for medical leave from June 4, 2020 through June 18, 2020.

35. After his employment was terminated, Plaintiff again notified Sysco, through his union, about the extension that The Hartford agreed to and requested to be returned to work. They had a meeting with Stephanie Charters, Human Resources (HR) Manager, Grady Maguire, the vice president, and some other people. Plaintiff was told Sysco would not return him to work despite the extension agreed to, despite the fact that Plaintiff provided the required paperwork by the deadline agreed to, and despite the fact that Plaintiff's leave should have been approved.

36. On May 13, 2021, Plaintiff filed a complaint with BOLI.

37. On May 13, 2022, BOLI issued a Notice of Substantial Evidence Determination findings in favor of Plaintiff and against Sysco Portland, Inc. and issue a Notice of Right to File a Civil Suit against Sysco Portland, Inc.

## FIRST CLAIM FOR RELIEF

**(Family and Medical Leave Act of 1993 - 29 U.S.C. § 2601 et seq.)**

38. Plaintiff realleges all relevant paragraphs.

39. Defendant is an 'employer' within the meaning of 29 U.S.C. § 2611(4).

40. Defendant employed at least 50 employees for each working day during each of 20 or more calendar work weeks in 2019 or 2020.

41. At all times material, Plaintiff was an 'eligible employee' within the meaning of 29 U.S.C. § 2611(2).

42. At all times in 2020, defendant employed 50 or more employees with 75 miles of the worksite where Plaintiff performed work for defendant.

43. Plaintiff was employed by defendant for at least 1,250 hours of service during the 12-month period immediately preceding the commencement of the leave.

44. Plaintiff was employed by defendant for more than 12 months prior to commencing leave in 2020.

45. At all times material, Plaintiff was an 'eligible employee' within the meaning of 29 U.S.C. § 2611(2).

46. Plaintiff took medical leave protected by the Family Medical Leave Act (FMLA).

47. At all material times, Plaintiff suffered from a serious health condition, as defined by 29 U.S.C. § 2611(11).

48. Defendant interfered, discriminated and retaliated against Plaintiff for taking medical leave by taking adverse employment actions against Plaintiff by terminating Plaintiff's employment.

49. As a result of Defendant's conduct, Plaintiff suffered and continues to suffer non-economic.

50. As a result of Defendant's conduct, Plaintiff suffered and continues to suffer economic damages in an amount to be determined at trial.

51. The court should enter an order declaring that defendant violated the FMLA.

52. To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

53. Plaintiff is entitled to an award of liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A).

54. Pursuant to 29 U.S.C. § 2617(a)(3), Plaintiff is entitled to an award of attorney's fees, expert fees, and costs incurred herein.

55. Plaintiff is entitled to post judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

## SECOND CLAIM FOR RELIEF

### (Oregon Family Leave Act - ORS 659A.150 et. seq.)

56. Plaintiff realleges all relevant paragraphs.

57. Plaintiff took medical leave protected by the Oregon Family Leave Act (OFLA).

58. Defendant employed 25 or more persons in the State of Oregon for each working day during each of 20 or more calendar workweeks in the year 2019.

59. Defendant employed 25 or more persons in the State of Oregon for each working day during each of 20 or more calendar workweeks in the year 2020.

60. Immediately prior to commencing family leave in 2020, Plaintiff worked for defendant for more than 180 days.

61. Plaintiff worked an average of more than 25 hours per week for defendant during the 180 days immediately preceding the date on which Plaintiff commenced family leave.

62. At all material times, Plaintiff had a serious health condition as that term is defined in ORS 659A.150(6).

63. Defendant interfered, discriminated and retaliated against Plaintiff for taking medical leave by taking adverse employment actions against Plaintiff, including, but not limited to, terminating Plaintiff's employment.

64. As a result of Defendant's conduct, Plaintiff suffered and continues to suffer non-economic.

65. As a result of Defendant's conduct, Plaintiff suffered and continues to suffer economic damages in an amount to be determined at trial.

66. As a result of defendant's discrimination and retaliation against Plaintiff, Plaintiff is entitled to equitable relief.

67. Pursuant to 659A.885, Plaintiff is entitled to recover back pay.

68. The court should enter an order declaring that defendant violated the OFLA.

69. To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

70. Pursuant to ORS 659A.885(1) and ORS 20.107, Plaintiff is entitled to recover Plaintiff's reasonable attorney fees and costs, including expert witness fees.

71. Plaintiff is entitled to post judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

## THIRD CLAIM FOR RELIEF

### (Wrongful Termination)

72. Plaintiff realleges all relevant paragraphs.

73. Defendant terminated Plaintiff's employment because he exercised employment-related rights as alleged above.

74. Plaintiff's remedies do not constitute a complete remedy for the damage Defendant has inflicted.

75. As a result of Defendant's conduct, Plaintiff suffered and continues to suffer non-economic and economic damages.

76. Plaintiff is entitled to an award for past lost wages and benefits and future lost earnings, benefits, and lost earning capacity, and other compensatory damages for past and future pecuniary losses. Plaintiff should be awarded economic damages in an amount determined fair by a jury.

77. Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional distress and other nonpecuniary losses in an amount to be proved at trial. Plaintiff should be awarded non-economic damages in an amount determined fair by a jury.

78. To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

79.  Pursuant to ORS 20.107, Plaintiff is entitled to an award of attorney fees and expert witness fees.

80.  Plaintiff is entitled to post judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

## PRAYER FOR RELIEF

Plaintiff prays for the following judgment against defendant:

1.  A sum which will fully compensate Plaintiff for Plaintiff's non-economic damages in a sum that is just as determined by a jury;

2.  A sum which will fully compensate Plaintiff for Plaintiff's economic damages in a sum that is just as determined by a jury;

3.  Equitable relief, including but not limited to, reinstatement if Plaintiff so chooses;

4.  Liquidated damages;

5.  Plaintiff's costs and disbursements incurred herein;

6.  Plaintiff's attorney fees; and

7.  For such other and further relief as the Court may deem just and equitable.

**Plaintiff demands a trial by Jury.**

Dated: August 10, 2022

                **Law Offices of Daniel Snyder**

                */s/ Carl Post*
                Carl Post, OSB No. 06105
                carlpost@lawofficeofdanielsnyder.com
                John David Burgess, OSB 106498
                johnburgess@lawofficeofdanielsnyder.com
                Tel: (503) 241-3617 / Fax: (503) 241-2249
                Attorneys for Plaintiff

PAGE 10 – COMPLAINT